Oliver Eshman LISTER, II, Plaintiff–Appellant

v.

Sergeant Todd PETERSON, John B. Connally Unit; Lieutenant Steven Havard, John B. Connally Unit; Shift Captain John Doe, John B. Connally

---

Unit; Disciplinary Hearing Captain, John B. Connally Unit; Officer FNU Martinez, John B. Connally Unit; Major Darren B. Wallace, John B. Connally Unit; Warden Paul Morales; Assistant Warden Joel Barbosa, John B. Connally Unit; Assistant Warden Carol Monroe, John B. Connally Unit, Defendants–Appellees.

No. 12–50218
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 11, 2012.

Oliver Eshman Lister, II, Huntsville, TX, pro se.

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM: *

Oliver Eshman Lister, II, Texas prisoner # 1279183, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous and for failure to state a claim. He argues in his one-page brief that he is entitled to proceed IFP because he did so in the district court and because the interests of justice require it. That is the entirety of Lister's argument.

When a district court certifies that an appeal is frivolous and is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3) of the Federal Rules of Appellate Procedure, a litigant may either pay the filing fee or challenge the district court's certification decision by filing a motion for leave to proceed IFP in this court. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.1997). If the court upholds the district court's certification that the appeal is not taken in good faith and the litigant persists in the appeal, he must pay the appellate filing fee or the appeal will be dismissed for want of prosecution. *Id.* at 202. If the appeal is frivolous, this court may dismiss it sua sponte. *Id.* at 202 n. 24; 5TH CIR. R. 42.2.

Because the district court certified that Lister's appeal was not taken in good faith, he is not entitled to proceed IFP on appeal merely because he did so in the district court. *See* FED. R.APP. P. 24(a)(3)(A). Lister has briefed no other issues for appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir.1987). This court denies the IFP motion and dismisses the appeal as frivolous on those grounds. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal counts as a strike, as does the district court's dismissal of Lister's action. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir.1996). The district court previously dismissed another of Lister's civil rights actions as frivolous and for failure to state a claim. *Lister v. Smith*, No. 5:07–CV–754 (W.D.Tex. Mar. 26, 2008) (unpublished). Because Lister has accumulated three strikes, he may not proceed IFP in a civil action or appeal unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Finally, we deny Lister's motion for appointment of counsel.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

IFP DENIED. APPEAL DIS-MISSED. 28 U.S.C. § 1915(g) SANCTION BAR IMPOSED. APPOINTMENT OF COUNSEL DENIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under